KAMER ZUCKER & ABBOTT
Gregory J. Kamer        #0270
Carol Davis Zucker      #2543
Timothy W. Roehrs       #9668
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102-1990
Tel. (702) 259-8640
Fax (702) 259-8646

Attorneys for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PAMELA COLEMAN, individually, and on behalf of all others similarly situated; et al, <br><br>  Plaintiffs, <br> vs. <br><br> MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company d/b/a MGM GRAND LAS VEGAS; et al., <br><br>  Defendants. | CASE NO. 2:04-cv-00746-LDG-LRL <br><br> **DEFENDANTS' JOINT REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR CONSOLIDATION OF ACTIONS PURSUANT TO FED. R. CIV. P. 42(a)** |
| TIM SHEETS, individually, and on behalf of all others similarly situated; et al, <br><br>  Plaintiffs, <br> vs. <br><br> MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company d/b/a MGM GRAND LAS VEGAS; et al., <br><br>  Defendants. | CASE NO. 2:06-cv-00271-KJD-GWF |

By and through their counsel, Kamer Zucker & Abbott, Defendants MGM Grand Hotel, LLC (hereinafter, "MGM Grand"), New York-New York Hotel & Casino, LLC, The Primadonna

Company, LLC, The Mirage Casino-Hotel, Bellagio, LLC, Treasure Island Corp., Boardwalk Casino, Inc., and MGM MIRAGE (hereinafter collectively referred to as "Defendants") jointly hereby submit the following Reply Brief in support of their Motion for an order consolidating two cases asserted under the Fair Labor Standards Act ("FLSA"), <u>Coleman et al. v. MGM Grand, LLC et al.</u>, Case No. 2:04-cv-00746-LDG-LRL (hereinafter referred to as "<u>Coleman</u>"), with <u>Sheets et al. v. MGM Grand, LLC, et al</u>, Case No. 2:06-cv-00271-KJD-GWF (hereinafter referred to as "<u>Sheets</u>"), for joint hearing consideration, hearings and trials of all matters at issue.

Notwithstanding Plaintiffs' Opposition, consolidation pursuant to Fed. R. Civ. P. 42(a) is appropriate given the common questions of law and fact in both cases, as set forth further by the following points and authorities, the papers and pleadings on file herein, and any argument the Court may allow.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION.**

Other than the identities of the Plaintiffs, the questions of law and fact between these two cases are almost identical. Plaintiffs have raised four points in opposition to Defendants' Motion, none of which is sufficient to foreclose consolidation. Accordingly, this Court should grant Defendants' Motion, as the benefits of consolidation outweigh any potential prejudice.

As noted below, Plaintiffs make four arguments: First, Plaintiffs recognize that the FLSA collective action statute of limitations, 29 U.S.C. § 255, has run on the claims of <u>Coleman</u> Plaintiffs Pamela Coleman, George Larkins, Alfonso Perrone, and Thomas Rutledge,[1] but erroneously assert that consolidation of <u>Coleman</u> with <u>Sheets</u> will impact this further. Opposition at 4-6. Second, Plaintiffs mistakenly assert that consolidation could change the substantive rights of the parties and

---

[1] Plaintiffs leave out Brian Stetson, who is also precluded from relief under the statute of limitations. See Defendants' Motion filed March 1, 2006 in <u>Coleman</u> for Summary Judgment on Claims Of Plaintiffs' Pamela Coleman, George Larkins, Alfonso Perrone, Thomas Rutledge And Brian Stetson On Grounds The Statute Of Limitations Bars Their Claims, And Limiting The Scope Of The Claims Of All Other Named Plaintiffs. Docket No. 60.

therefore impact the ability of the Sheets Plaintiffs to conduct discovery or proceed in a representative capacity in their case. Id. at 7-8. Third, Plaintiffs argue, wrongly, that potential delays to either the Sheets or Coleman Plaintiffs resulting from consolidation outweigh the benefits of consolidation, which include the savings of time, effort, expense and resources of both the litigants and the Court; and the averted potential for inconsistent results and conflicting obligations for Defendants. Id. at 8-9. Finally, Plaintiffs incorrectly assert that consolidation will result in jury confusion, should these cases one day go to trial.[2]  Id. at 9.

## II. NOTWITHSTANDING PLAINTIFFS' OPPOSITION, CONSOLIDATION OF *COLEMAN* WITH *SHEETS* SHOULD BE ORDERED.

### A. The Parties' Substantive Rights Remain Unaffected by Consolidation.

The Coleman Plaintiffs appear to argue that consolidation of these two actions will impact their rights, citing specific issues discussed in more detail below. However, it is axiomatic that "[c]onsolidation does not affect any of the substantive rights of the parties." J.G. Link & Co. v. Cont'l Casualty Co., 470 F.2d 1133, 1138 (9th Cir. 1972). The United States Supreme Court has stated that consolidation "does not merge the suits in a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933); see also Lewis v. City of Los Angeles, 5 Fed.Appx. 717, 718, 2001 WL 232471, at *1 (9th Cir. 2001) (citing Johnson v. Manhattan Ry. Co. et al. for its above-stated proposition.).[3]

---

[2] The concerns raised by Plaintiffs, in question format, are as follows: "If the jury sees all Plaintiffs in the Coleman direct action testify, will they expect the same from all the Sheets Plaintiffs including individuals who opt into the collective action? Will a jury view negatively the portion of the case which is presented as a representative action? Furthermore, will Defendants be unfairly advantaged because they can argue to a jury that certain of the Plaintiffs in Coleman provided no evidence relative to properties other than the MGM and Mirage because the case is a direct action and impact Sheets Plaintiffs negatively with that argument?" Opposition at 9. As is demonstrated below, these are red-herrings.

[3] Plaintiffs take issue with Defendants' citation in their Motion of an unpublished disposition of the Ninth Circuit, specifically Own v. Labor Ready, Inc., 146 Fed.Appx. 139, 141 (9th Cir.), for the proposition that the Ninth Circuit has upheld consolidation in the FLSA context. In doing so, continued

1  Stemming from this authority, "in a substantial number of cases federal courts have held that actions
2  do not lose their separate identity because of consolidation under Rule 42(a)."  C. WRIGHT & A.
3  MILLER, FEDERAL PRACTICE & PROCEDURE CIVIL 2D § 2382 (2d ed. 1994 & Supp. 2005); see also e.g.
4  Schnabel v. Lui, 302 F.3d 1023, 1035 (9th Cir. 2002); Lewis v. ACB Business Serv., Inc., 135 F.3d
5  389, 412 (6th Cir. 1998); Altman v. Mercantile Trust Co. Nat'l Assoc., 750 F.2d 684, 695-96 (8th Cir.
6  1984) ("consolidation does not destroy the independent status of the cases consolidated and does not
7  deprive the litigants of the right to consideration of their individual claims… [c]onsolidation did not
8  …prevent the parties from settling their individual claims"); New York v. Microsoft Corp., No.
9  Civ.A.98-1233 (CKK), 2002 WL 318565, at *4 (D. D.C. 2002) ("rather than merging the rights of the
10 parties, consolidation is a purely ministerial act which, *inter alia,* relieves the parties and the Court of
11 the burden of duplicative pleadings").  As another court asserted:

> [A]n order of consolidation does not have the effect of making the parties to one suit parties in another suit, and the court has no power to so order. The causes although consolidated preserve their separate identity and the pleadings in one case cannot be made the pleadings in the other. The rights of the parties will be determined upon the pleadings, proofs and proceedings in each case.  …[C]onsolidation is made for the purpose of allowing the proofs in one cause to stand as the proofs in the other with reference to the question of fact which are commonly involved, and for the further purpose that any common question of law in the two cases may be decided in one decision of the court.

Nat'l Nut Co. of Cal. V. Susu Nut Co., 61 F.Supp. 86, 88 (N.D. Ill. 1945); but see Huene v. United States, 743 F.2d 703, 704-05 (9th Cir. 1984) (In holding that an order, which disposed of only one of two or more cases consolidated at the district court level, was not appealable under 28 U.S.C. § 1291 until a final judgment resolving all consolidated actions was entered, absent a Rule 54(b) certification, the Ninth Circuit has indicated one sense in which cases would not retain their separate identity subsequent to a consolidation.).

///

---

Plaintiffs cite 9th Circuit Court of Appeals Rule 36-3.  This is not a Local Rule of this Court, however. In fact, Plaintiffs themselves cite to unpublished decisions in their Opposition and in other filings.

The law is clear that if this Court sees fit to consolidate Sheets with Coleman, any distinct individual substantive rights (e.g. discovery rights) each plaintiff may have will be preserved in the consolidated action. Courts, in awarding consolidation, have generally avoided any adverse impact consolidation may have on the ability of a party to conduct discovery; and have further indicated that discovery in one case remains independent in a consolidated action. See Discount Bank & Trust Co. v. Salomon Inc., Sec. Litig., 141 F.R.D. 42, 44 (S.D. N.Y. 1992) (holding, *inter alia*, that consolidation would merely require *Discount Bank*, the later filed case, to pursue discovery as arranged by the lead counsel in the class action to which it would be consolidated with; and noting that consolidation would not affect *Discount Bank*'s ability to pursue its procedural rights); Primavera Familienstiftung v. Askin, 173 F.R.D. 115, 129-30 (S.D. N.Y. 1997) (asserting that upon consolidation, litigation of the merits of class certification issues in the first action could only delay the progress of the "merits discovery" in the second filed action if it ordered a stay to discovery in that action and that it had no intention of doing so); New York v. Microsoft Corp., No. Civ.A.98-1233(CKK), 2002 WL 318565, at *4 (D. D.C. 2002) (noting that discovery in one of two consolidated cases was "independent from any action taken by" a party in the other consolidated case).

**B.   This Court Should Order Consolidation Because of The Substantial Common Questions of Law and Fact in *Coleman* and *Sheets* And Because The Benefits of Consolidation Outweigh Any Prejudice Asserted By Plaintiffs In Their Opposition.**

It is helpful to revisit what the Coleman and Sheets actions actually come down to: These cases involve two sets of current or former employees of The Mirage Casino-Hotel and MGM Grand Hotel, LLC, all of whom worked in the same general time period and were subject to security department start-of-shift briefing policies at one of those two hotels; and all of whom are suing the same Defendants. There is very little, if anything, about these cases to warrant they be separately litigated or tried.

       1.   Consolidation is appropriate because these cases share significant common issues of law and fact.

As demonstrated in Defendants' Motion, Coleman and Sheets share significant common issues of law and fact. Both cases allege identical violations of the FLSA, asserting that "Plaintiffs were

required to present to work a minimum (15) minutes prior to their shift for the purposes of a security briefing," and that they "were not paid for the additional fifteen (15) minutes of work time spent at the pre-shift briefing." **Exhibit 1 to Motion**, at 6, ¶¶ 22, 24; **Exhibit 2 to Motion**, at ¶¶ 10-11. All of the Plaintiffs in both cases work for one of the two hotel-company Defendants – MGM Grand or The Mirage Casino-Hotel – but have sued five (5) hotel companies for which they have never worked and the indirect parent holding company MGM MIRAGE. **Exhibits 1-2 to Motion**.

    2. <u>The benefits of consolidation outweigh the prejudice cited to by Plaintiffs in their Opposition</u>.

In their Opposition, Plaintiffs cite to an unpublished disposition from the District of Arizona, <u>Sapiro v. Sunstone Hotel Investors, LLC</u>, No. CV 03 1555 PHX SRB, CV 04 1535 PHX JWS, 2006 WL 898155, at *1 (D. AZ April 4, 2006) (slip copy), for the proposition that "the trial judge should …make sure the rights of the parties are not prejudiced by the order for consolidation under the facts and circumstances of a particular case" and that "considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial." Opposition at 4. Defendants recognize that potential prejudice to nonmoving parties must be factored in to this Court's determination regarding consolidation.

However, the Ninth Circuit Court's standard for determining consolidation is that "the district court must balance the saving of time and effort consolidation would produce against any inconvenience, delay or expense that it would cause." <u>Huene</u>, F.2d at 704. In this case, notwithstanding the assertions made in Plaintiffs' Opposition, this balance weighs heavily in favor of consolidation.

    *a. Consolidation should be ordered because doing so will conserve judicial resources and the resources of the parties.*

Consolidation will also result in a substantial time, cost, and resource savings for both the litigants and the Court. Consolidation will obviate the need to duplicate certain discovery, including the depositions of the supervisory personnel of certain Defendants and of one of the two <u>Sheets</u> Plaintiffs employed by The Mirage (Louis Orth). In fact, much of the necessary discovery of the MGM Grand, its management and supervisory employees has been completed for <u>Coleman</u> and will

be applicable to Sheets. Indeed, certain affidavits, depositions, and other discovery from Coleman have already begun to be used by the parties on briefing for the Sheets Plaintiffs' Motion for Conditional Certification and Defendants' Counter-Motion for Summary Judgment.  Many of the issues on the merits -- namely, whether the FLSA has been violated -- have already been briefed in motions in Coleman.  Consolidation will also prevent the waste, court costs and inconvenience associated with, substantially, the same evidence being presented in two separate trials, if there are trials. This Court is able to make orders under Fed.R.Civ.P. 16(b) to streamline the presentation of evidence at such a trial.  Plaintiffs' Opposition makes no argument contradicting Defendants' assertions regarding the potential for this Court and the parties to conserve time and resources if the actions are consolidated.

> b. *Consolidation should be ordered because doing so will alleviate the risk of inconsistent rulings and conflicting obligations.*

Not surprisingly, Plaintiffs omitted another key proposition in their discussion of Sapiro, namely that "the risk of inconsistent adjudications of common factual and legal issues generally weighs in favor of consolidation."  2006 WL 898155, at *1. Indeed, as indicated in Defendants' motion, there is a substantial risk of inconsistent adjudications on important legal issues, including but not limited to: (a) whether Defendants have violated the FLSA in their payment of security officers for time worked, under application of, as only two examples, the Portal-to-Portal Act or de minimis rules; (b) whether Defendants can offset non-compensable paid meal time against time spent in start of shift briefings; (c) whether Plaintiffs' paid meal periods were not compensable because the time spent by them during those periods was not spent predominately for the benefit of their employer; and (d) whether Plaintiffs can sue Defendants that have never employed them.  Further, there is a risk that two different courts could make different evidentiary rulings with respect to admission of trial evidence.

The result of this is not only that Defendants could be saddled with conflicting obligations based on the rulings of one case over the other, but also, *arguendo*, that Plaintiffs in one action, say a Coleman MGM Grand security officer, could be presented with a ruling with respect to one legal issue that is less favorable than a ruling on the same issue presented to an MGM Grand security guard plaintiff in Sheets.  The result would be the injustice of two security guards from the same employer

suing over the same issue based on the same policy, but, *arguendo* one receiving monetary relief, and the other being foreclosed from any relief. In this regard, consolidation is clearly not only in the best interests of Defendants but is also in the best interests of the Plaintiffs in these two actions as well.

>    *c. These actions, unconsolidated, could already be characterized as "massive" litigation and consolidation will not significantly exacerbate this, but instead will assist in making the litigation more manageable.*

Plaintiffs cite <u>In re Repetitive Stress Injury Litigation</u>, 11 F.3d 368, 373 (J.P.M.L. 1993), for the proposition that the urge to aggregate litigation must not be allowed to trump the dedication to individual justice and precaution to ensure that each individual plaintiff's and defendant's cause not "be lost in the shadow of a towering mass litigation." Opposition at 6. It is curious that Plaintiffs, given that their cases, unconsolidated, respectively include twenty (20) Plaintiffs suing eight (8) Defendants and (65) sixty-five more Plaintiffs suing those same eight (8) Defendants (only to potentially grow larger based upon any opt-in plaintiffs), are now worried about aggregate "towering mass litigation" trumping the dedication to individual justice.[4] Both sets of Plaintiffs styled these cases in order to bring in many, many other Plaintiffs against the same eight (8) Defendants. It is fair to conclude that the risks of "towering mass litigation" will not be materially increased by the consolidation of these two actions. To the contrary, consolidation will ensure that the massive litigation that already exists will more effectively be managed, given that doing so will conserve resources and alleviate the risk of inconsistent rulings creating conflicting obligations and results.

///

---

[4] In Plaintiffs' Opposition at 4 n.1, they make reference to motions being filed by Defendants, apparently mostly in <u>Coleman</u>, which they say "unnecessarily burden" Plaintiffs (noting specifically that Defendants are seeking relief Plaintiffs have voluntarily offered – referring to Defendants' latest Motion for Summary Judgment dismissing those Defendants who have never employed any of Plaintiffs), and then "beg" this Court to put a stop to the "conduct." If Plaintiffs have truly "voluntarily offered" to dismiss these Defendants, Defendants invite Plaintiffs to alleviate their burden by declining to oppose Defendants' Motions in both cases. Otherwise, Plaintiffs should recognize that a case or cases of this magnitude, involving eighty-five (85) Plaintiffs against eight (8) Defendants -- including Defendants that do not and have not employed them -- is going to entail significant motion practice. Defendants do not seek to overburden Plaintiffs, but assert appropriate defenses to Plaintiffs' claims.

> *d. The prejudice cited by Plaintiffs, including delays to the <u>Coleman</u> Plaintiffs caused by consolidation, is not a significant enough factor to warrant this Court denying Defendants' consolidation motion.*

Plaintiffs argue in their Opposition that differing trial dates or stages of discovery weigh against consolidation. Opposition at 8. Plaintiffs further seek to discredit case law cited by Defendants: <u>Internet Law Library v. Southridge Capital Management</u>[5] and <u>Soler v. G & U</u>,[6] noting that in those cases, the parties opposing consolidation did not argue that they would be prejudiced. <u>Id.</u> at 7. The "prejudice" Plaintiffs argue will be caused by consolidation, in large part, emanates from Plaintiffs' mischaracterization of <u>Coleman</u> as a "direct action" (addressed <u>infra</u>), or from their misinformed understanding of the impact consolidation will have on the substantive rights of Plaintiffs. As is addressed elsewhere in this brief, the potential for "prejudice" on these bases are nonexistent.

Plaintiffs additionally assert that consolidation will cause either the <u>Coleman</u> Plaintiffs to wait several years to proceed to trial, or will force the <u>Sheets</u> Plaintiffs to forego their discovery and prepare the case to go to trial at the same time as the <u>Coleman</u> Plaintiffs. Opposition at 9. Consolidation cannot impact the substantive rights of the <u>Sheets</u> Plaintiffs.

Neither of these two cases is so "far ahead" of the other that significant delays will result from consolidation:

- In <u>Coleman</u>, briefing is underway on a defense motion seeking dismissal of those Defendants that do not and have not employed Plaintiffs. Otherwise, dispositive motions on the merits, application of the statute of limitations, and application of the Bankruptcy Code statutes to certain Plaintiffs' claims have been fully briefed only since March 28, 2006. That case is hardly "on the eve" of trial.
- <u>Sheets</u> is early in discovery. The parties held their Fed.R.Civ.P. 26(f) Conference, agreed to a

---

[5] 208 F.R.D. 59 (S.D. N.Y. 2002).

[6] 477 F.Supp.102 (S.D. N.Y. 1979).

discovery cut-off of November 30, 2006, and provided for collective action discovery in a Discovery Plan to be filed shortly. Defendants have propounded written discovery to Plaintiffs. A Motion is currently pending to dismiss-out those Defendants that do not and have not employed the Sheets Plaintiffs. Sheets Docket No. 19.

Taking this into account, any delays to the Coleman plaintiffs are simply insufficient to overcome the weight of the factors supporting consolidation. It is true that in Southridge, the plaintiff, "Cootes Drive," did not oppose consolidation on the grounds of prejudice. 208 F.R.D at 62. However, the court in that case did note that "Cootes Drive [had] indicated that it has been engaged in discovery for over eight months in the Cootes Drive action while discovery has not yet begun in the Internet Law action." Id. Accordingly, as explained in more detail in Defendants' motion, the court addressed the issue of the impact of differing stages of discovery on consolidation and held that the consolidation would not "result in delay sufficient to outweigh the benefits to be gained from it." Id. In fact, Southridge held that differing stages of litigation can factor in favor of consolidation because discovery in the first action would be applicable to the second action. Id. The court found particularly important the fact that the benefits of using discovery already completed would not "only run in one direction." Id. This is also true in the present case, as, for example, the Coleman depositions of supervisory personnel from MGM Grand and The Mirage Casino-Hotel would be useful to the Sheets Plaintiffs, and the deposition of Louis Orth, a Sheets plaintiff (taken during the Coleman discovery period) will be useful for the Sheets Defendants.

Several courts have held that the fact that cases are in different stages does not bar consolidation. Werner v. Satterlee, Stephens, Burke & Burke, 797 F.Supp. 1196, 1212 (S.D. N.Y. 1992); Rohm and Haas Co. v. Mobil Oil Corp., 525 F.Supp. 1298, 1310 (D. Del. 1981) ("The court is satisfied that any delay occasioned by consolidation is substantially outweighed by the benefits of a single trial."); United States v. City of Chicago, 385 F.Supp. 540, 543 N.D. Ill. 1974); Monzo v. Am. Airlines, Inc., 94 F.R.D. 672, 673 (S.D. N.Y. 1982) ("The fact that the cases are at different discovery stages is not fatal to the consolidation motion."); Fields v. Provident Life & Accident Ins. Co., NO. CIV.A. 99-CV-4261, 2001 WL 818353, at *6 (E.D. Pa. 2001) ("[T]he Estate litigation is close to trial and the French litigation is in its preliminary stages. However, the Court believes the discovery and

trial preparation necessary for the French litigation will overlap significantly with the work already completed for the Estate litigation. …[C]onsolidation will far outweigh any inconvenience that may result…").

Finally, Plaintiffs' proffer of prejudice emanating from potential jury confusion also does not factor very convincingly against consolidation. Southridge, 208 F.R.D. at 61 ("Even in multi-party litigation, courts have been quick to emphasize that the danger of confusion from consolidation is largely overstated.") Plaintiffs' jury confusion hypothetical questions are based largely upon their hope that Coleman is allowed to proceed as what they characterize as a "direct action" and Sheets as a collective action, rather than both proceeding as collective actions – their current legal postures. Irrespective, while these cases do involve complex and significant legal questions, the factual inquiries for any jury, should these cases progress to trial, would be straightforward and largely would involve issues as to whether Plaintiffs were able to enjoy the predominate benefit of their meal periods, issues as to actual time worked, and/or issues related to "willfulness" on the part of Plaintiffs' employers.[7]

In sum, as demonstrated by the foregoing, notwithstanding Plaintiffs' Opposition, Defendants have demonstrated that consolidation of Coleman and Sheets should be ordered by this Court because: (1) there are common issues of law and fact between the two cases; and (2) the benefits of consolidation outweigh the prejudice asserted by Plaintiffs.

**C.    Plaintiffs' Opposition Appears To Rest Upon A Misinterpretation Of Consolidation.**

One facet of Plaintiffs' Opposition involves their claim that Coleman is a "direct action," an argument first raised in response to Defendants' Motion for Summary Judgment directed to the application of the statute of limitations. Coleman, Docket No. 66 at 2, 4-5. Plaintiffs have also referenced the application of the statute of limitations. However, because the legal standards

---

[7] Defendants in Coleman maintain that Plaintiffs in that action enjoyed the predominate benefit of their meal periods as a matter of law and have asserted as much in Motions for Summary Judgment on the claims of the Coleman Plaintiffs.

applicable to their rights under the statute of limitations will be unaffected by consolidation, the pending statute of limitations issues do not militate against consolidating these two actions.

The background to this argument involves the March 1, 2006 filing in Coleman of Defendants' motion based upon the applicable statute of limitations, 29 U.S.C. § 216(b), and this Court's case construing that statute, Bonilla v. Las Vegas Cigar Co., 61 F.Supp.2d 1129 (D. Nev. 1999). As this Court noted in Bonilla:

> According to the express terms of the statute, named plaintiffs can commence a collective action by filing the complaint and their written consents.  For statute of limitations purposes, the action is commenced on the date the complaint and consents are filed, regardless of whether any other plaintiff ever opts in.

61 F.Supp.2d at 1138 (emphasis added).  Thus, in a collective action, the statute of limitations continues to run until the plaintiffs -- whether named in the complaint or joining later -- file written Consents, rather than when the complaint is filed.  The FLSA statute of limitations limits the number of paychecks for which Plaintiffs can seek recovery. Each paycheck in which there is a pay violation is considered to be a separate wrong; and thus, the statute of limitations allows a plaintiff to recover for any violations that occurred within the prescribed limitations period.  See Knight v. Columbus, 19 F.3d 579, 581 (11th Cir. 1994), in reliance upon Hodgson v. Behrens Drug Co., 475 F.2d 1041, 1050 (5th Cir. 1973) ("It is well settled that [a] separate cause of action for overtime compensation accrues at each regular payday immediately following the work period during which the services were rendered and for which the overtime compensation is claimed.").

As demonstrated in the motion now pending in Coleman, the September 27, 2005 filing of the Consents,[8] sixteen months into that case, limits the time frame for which those Plaintiffs can recover. As a result, several Plaintiffs are entirely foreclosed from recovery and the claims of the others are limited.  See Coleman Docket No. 60.   In Opposition, the Coleman Plaintiffs argued that they are now pursuing a "direct action" against their employers, MGM Grand Hotel, LLC, and The Mirage

---

[8] See Coleman, Docket No. 50.

Casino-Hotel, and thus that 42 U.S.C. § 216(b) and Bonilla are inapplicable.  See Coleman Docket No. 66, at p. 2, ll. 17; at p. 4, ll. 24-25; and at p. 5, l. 1. The first time Plaintiffs used the term "direct action" in a court filing was when they opposed that Motion for Summary Judgment.  Plaintiffs have cited no statutory or case authority defining or even referencing a "direct action" in this context; describing or discussing the significance of a "direct action" under the FLSA; or describing how dismissing-out Defendants that never employed them -- while still suing their employers, The Mirage and MGM Grand -- makes a difference under the statute of limitations, Bonilla, or the law relative to consolidation.[9]

In fact, under Bonilla, the Coleman case took on the legal identity of an FLSA collective action when Plaintiffs filed their Complaint "on behalf of themselves and all others similarly situated." Bonilla, 61 F.Supp.2d at 1133; Gray v. Swanney-McDonald, Inc., 436 F.2d 652, 655 (9th Cir. 1971).  From that moment forward, others could have joined this action as Plaintiffs by filing Consents.  Plaintiffs twice filed, and twice withdrew, motions seeking conditional certification, each time "without prejudice" to re-filing the Motion later.  See Coleman Docket Nos. 25-26, 55 at 2; Docket Nos. 9, 18 at 2-3.  As this Court recognizes, "certification" of collective actions is usually done at the request of plaintiffs to obtain the court's assistance in sending notice to potential plaintiffs, or for the purposes of discovery of the names and addresses of potential plaintiffs. Bonilla, 61 F.Supp.2d at 1137.  Therefore, according to the court, the "question of what constitutes a collective

---

[9] In opposing consolidation, Plaintiffs state they relied upon cases from outside this Circuit and this Court as their reason for not immediately filing their Consents in Coleman. Opposition at 2. However, this Court decided in Bonilla that the Ninth Circuit Court of Appeals would not apply those cases or their principles. See Bonilla, 61 F.Supp.2d at 1133, rejecting Allen v. Atlantic Richfield Co., 724 F.2d 1131, 1135 (5th Cir. 1984) (action never evolved into a collective action since no unnamed plaintiff ever came forward and filed a written consent and all named plaintiffs alleged individual causes of action).  Moreover, this Court decided Bonilla in 1999, more than four (4) years prior to the filing of the Coleman lawsuit and five (5) years prior to the Henry decision that apparently prompted the Coleman Plaintiffs to file their Consents sixteen (16) months after initiating the lawsuit.

action for purposes of the statute of limitations must be analyzed <u>apart from any certification or similarly situated determination</u>." <u>Id</u>. (emphasis added).[10]

Plaintiffs also attach significance to negotiations regarding a stipulation to dismiss those Defendants that never employed any of the Plaintiffs, arguing this changes the nature of <u>Coleman</u>. Opposition at 3-5; Docket No. 71. They now allege that counsel for Defendants agreed to sign a stipulation that would allow the <u>Coleman</u> Plaintiffs to proceed as a "Direct Action." Opposition at 3. This assertion is patently incorrect. Defendants received, via email, a request for what appeared to be a simple stipulation to dismiss, two days before the deadline to file dispositive motions in <u>Coleman</u>:

> Given that we've decided to forego a motion for certification in the above case for the time being, we should clean up the named defendants and caption. Since the plaintiffs are employed at only the MGM and Mirage, we will dismiss the other defendants by stipulation, without prejudice, each side to bear their own fees and costs. We'll also stip to amend the caption to include only the properties at which Plaintiffs are/were employed.
>
> Please let me know if this is acceptable and we'll draft the appropriate paperwork.

Opposition, Exhibit 1. The next day, Defendants emailed their agreement to stipulate, asking if the Stipulation could be filed the following day -- the dispositive motion deadline. <u>Id.</u> Plaintiffs' counsel responded that she would try but it was unlikely, as she was leaving town for the rest of the week. **Exhibit 5**.

Three (3) days later, on Friday, March 3, 2006, the <u>Sheets</u> Complaint was filed, with Plaintiffs represented by the same counsel as in <u>Coleman</u>, and asserting an FLSA collective action against Defendants identical to <u>Coleman</u> with allegations almost identical to those of the <u>Coleman</u> Amended

---

[10] <u>See</u> <u>also</u> <u>id.</u> at 1138 ("Certification and other trappings of Rule 23 class actions are appropriately applied to § 216(b) actions for purposes of case management, <u>but not for purposes of establishing the tolling of the statute of limitations</u>…") (emphasis added).

Complaint.[11] The continued assertion of claims in litigation against Defendants who were never the employers of the Plaintiffs in either case undermined the rationale for stipulating-out the same Defendants in Coleman "without prejudice, each side to bear their own fees and costs." Then, over two weeks after Plaintiffs first proposed it, on March 15, 2006, Plaintiffs provided the proposed Stipulation. Aside from language for dismissal of those Defendants who do not and did not employ the Plaintiffs, the Stipulation referenced pursuit of a "direct action." [12] This was new language that Plaintiffs had not raised as part of the negotiations for the Stipulation and, as noted above, is undefined in this context.

Accordingly, on March 27, 2006,[13] Defendants communicated their desire to enter into such a Stipulation in Coleman if (a) the undefined "direct action" language set forth above was removed and (b) the parties stipulated to dismissal of the same Defendants in the newly-filed Sheets case. **Exhibit 6**, at 2. Plaintiffs refused to enter the stipulations in this suggested form at this time. **Exhibit 6**, at 1.

### III.   CONCLUSION.

In the event of consolidation, the Coleman and Sheets Plaintiffs would both be able to proceed with their FLSA claims. The Court will determine whether and to what extent the Coleman Plaintiffs' claims are time-limited. It will also have the opportunity to make determinations on whether and to what extent the Coleman / Sheets case will proceed, either conditionally (for the purposes of sending out notice) or at trial, as a collective action. Most significantly, however, because the claims of both sets of Plaintiffs have common issues -- including but not limited to whether and to what extent they

---

[11] Compare **Exhibit 1** to Consolidation Motion with **Exhibit 2** to Consolidation Motion.

[12] The proposed language was: "Plaintiffs are asserting a direct action against the MGM GRAND HOTEL, LLC, a Nevada Limited Liability Company d/b/a MGM GRAND LAS VEGAS and THE MIRAGE CASINO-HOTEL, a Nevada Corporation, d/b/a THE MIRAGE." See **Exhibit 7**, page 3 of the proposed Stipulation.

[13] Illnesses prevented Defendants and their counsel from conferring earlier.

can maintain claims for unpaid time worked or overtime, whether Defendants acted willfully, and whether Plaintiffs can sue Defendants that do not and have not employed them -- consolidation of these two cases is an appropriate and efficient means to proceed on these claims.  In fact, to the extent that this Court rules that certain <u>Coleman</u> Plaintiffs' claims are time-limited, these same determinations still have to be made.

      For all of the foregoing reasons, the <u>Coleman</u> and <u>Sheets</u> actions should be consolidated.

DATED:  May 22nd, 2006.

                                     Respectfully submitted,

                                     KAMER ZUCKER & ABBOTT

By:     <u>/s/Carol Davis Zucker</u>
          Gregory J. Kamer          #0270
          Carol Davis Zucker       #2543
          Timothy W. Roehrs       #9668
          3000 West Charleston Boulevard, Suite 3
          Las Vegas, Nevada 89102-1990
          Tel: (702) 259-8640
          Fax: (702) 259-8646

          Attorneys for Defendants

# CERTIFICATE OF SERVICE

I hereby certify that on the 22nd day of May, 2006, the undersigned, an employee of Kamer Zucker & Abbott served a copy of the foregoing **DEFENDANTS' REPLY TO PLAINTIFFS' OPPOSITION TO DEFENANDANTS' MOTION FOR CONSOLIDATION** pursuant to the Electronic Case Filing system of the United States District Court, District of Nevada, upon:

Sharon L. Nelson, Esq.
Nelson Law
401 North Buffalo Drive, Suite 210
Las Vegas, Nevada 89145-0397
Tel.:  (702) 366-0003
Fax:  (702) 366-0004

Attorney for Plaintiffs

By:   /s/Carol Davis Zucker
      An Employee of Kamer Zucker & Abbott

*Reply to Opposition of Motion to Consolidate-Final.doc*